IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02182-BNB

GLEN BLACKBURN,

    Applicant,

v.

RON WILEY, Warden, Federal Prison Camp – Florence,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 10 2009

GREGORY C. LANGHAM
                       CLERK

## ORDER OF DISMISSAL

Applicant, Glen Blackburn, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. Blackburn initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

In an order filed October 5, 2009, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that affirmative defense in this action. On October 23, 2009, Respondent filed a Preliminary Response. Mr. Blackburn has not filed a Reply.

The Court must construe the documents filed by Mr. Blackburn liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court

1

should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Blackburn first claims that prison officials at the Florence Prison Camp categorically are denying the review and transfer of eligible inmates to a Community Corrections Center (CCC) in violation of 18 U.S.C. § 3621(b). Application at 6. According to Mr. Blackburn, inmates with more than twelve months of their sentences remaining to be served may be placed in a CCC. *Id.*

Mr. Blackburn also claims that prison officials at the Florence Prison Camp categorically are denying eligible pre-release inmates more than six months in a Residential Re-entry Center (RRC) in violation of 18 U.S.C. § 3624(c). *Id.* Mr. Blackburn describes a "pre-release inmate" as an inmate with twelve months or less of his sentence remaining to be served. *Id.* Mr. Blackburn contends that federal law allows pre-release inmates to be placed in an RRC for up to twelve months. *Id.*

Finally, Mr. Blackburn claims that prison officials at the Florence Prison Camp categorically are denying inmates who have completed the Residential Drug and Alcohol Program (RDAP) more than six months placement in an RRC in violation of 18 U.S.C. § 3621(e)(2)(B) and 42 U.S.C. § 17541(a)(2)(A). *Id.* at 8.

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is

2

satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

The BOP administrative remedy procedure is available to Mr. Blackburn. *See* 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13–542.15.

According to Respondent, Mr. Blackburn has not filed any formal administrative remedy requests, and therefore, has not filed any remedies related to his claims in this action. Prelim. Resp. at 6. Mr. Blackburn also concedes that he has not exhausted his administrative remedies. Application at 5-7. Mr. Blackburn argues, however, that exhaustion of administrative remedies would be futile because the BOP, through official policies and procedures, has predetermined the issues to be raised in the administrative proceedings. *Id.* Mr. Blackburn is correct that the exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "However, the futility exception is quite narrow." *Holman v. Booker*, No. 98-3124, 1998 WL 864018 (10th Cir. Dec. 14, 1998). In the instant action, Mr. Blackburn fails to convince the Court that exhaustion of administrative remedies would be futile based on his argument that the BOP has predetermined the issues he is raising.

3

Mr. Blackburn appears to argue that he is not asserting an individual claim seeking such a transfer but, instead, is challenging BOP policies and procedures that apply to such transfers. Application at 4. As a result, Mr. Blackburn contends that the administrative remedy procedure is unnecessary and not relevant to his claims in this action. *Id.* at 5-7.

However, if Mr. Blackburn is not seeking his own immediate or speedier release from custody based on the manner in which the BOP policies in question have been applied to his individual circumstances, he may not raise his claims in this habeas corpus action. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." **See Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973). Therefore, Mr. Blackburn can challenge the BOP policies and procedures in question in this habeas corpus action only if those policies and procedures somehow impact the length of his custody. Construing the application liberally, the Court finds that Mr. Blackburn is challenging the BOP decisions that allegedly have denied him a transfer to a CCC and pre-release placement in an RRC for more than six months.

Nonetheless, even if prison officials at the Florence Prison Camp, where he is incarcerated, categorically are denying RRC placements for inmates with more than twelve months remaining on their sentences and RRC placements for no longer than six months, Mr. Blackburn's argument does not support a conclusion that exhaustion of administrative remedies would be futile. Mr. Blackburn is able to appeal any institution decision to both the regional and to the national BOP offices.

For the above-stated reasons, the Court finds that Mr. Blackburn fails to demonstrate that exhaustion of administrative remedies would be futile. The instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 9 day of December, 2009.

BY THE COURT:

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02182-BNB

Glen Blackburn
Reg No. 09810-091
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226-5000

Lisa A. Christian
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/10/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk